MAURICE D. STOKES,

        Petitioner,

   v.                                      Case No. 23-cv-206-pp

RANDALL HEPP,

        Respondent.

---

**ORDER GRANTING RESPONDENT'S MOTION FOR MORE DEFINITE STATEMENT (DKT. NO. 11), ORDERING PETITIONER TO FILE AMENDED PETITION, ORDERING PETITIONER TO FILE RENEWED MOTION FOR STAY AND DENYING AS MOOT PETITIONER'S MOTION TO CLARIFY RECORD AND STOP AEDPA TIME FRAME (DKT. NO. 6)**

---

On February 14, 2023, the petitioner filed a four-page "Motion To File A 2254 Petition And Stay To Exhaust Newly Discovered Evidence Claims." Dkt. No. 1. Less than a month later, the petitioner filed a "motion to clarify the record/ruling on motion to stay and stop AEDPA time frame to exhaust all remedies." Dkt. No. 6. In that motion he explained that he hadn't received a ruling and wanted to "stop the time frame to file." Id. In an April 26, 2023 order, the court deemed the February 14, 2023 motion a "preliminary, incomplete *habeas* petition" and set a deadline "by which the respondent may respond to the petitioner's request that the court stay the petition to allow him to go to state court and exhaust his remedies." Dkt. No. 7 at 8. The court also directed the Clerk of Court to substitute Randall Hepp for the State of Wisconsin as the respondent. Although that hasn't happened, the petitioner

1

now is incarcerated in the Fox Lake Correctional Institution so the proper respondent is Michael Meisner under Rule 2(a) of the Rules Governing Section 2254 Cases. The court will direct the clerk to make that substitution.

## I. Respondent's Motion for a More Definite Statement (Dkt. No. 11)

### A. Respondent's Brief (Dkt. No. 12)

Struggling to identify the petitioner's unexhausted claims, the respondent filed a motion for a more definite statement rather than a response to the motion for stay. Dkt. No. 12. The respondent explained that the allegations were insufficient to allow him to evaluate whether a stay was warranted under Rhines v. Weber, 544 U.S. 269, 275-77 (2005) or how to answer (or move to dismiss) the claims. Id. at 2. The respondent acknowledged that the petitioner appeared to raise a prosecutorial misconduct claim with the following sentence: "Prosecution misconduct, on behalf of the state with witnesses, evidence and charging." Id. The respondent noted that the petitioner alleged that he had newly discovered evidence in the form of "three actual eyewitnesses," but asserted that the petitioner never named those witnesses or identified what they said. Id. at 3. The respondent was not clear whether these were the same witnesses referred to in arguments before the Wisconsin Court of Appeals. Id. The respondent asked the court to order the petitioner to file an amended petition on the standard form and an amended motion to stay that addresses the Rhines factors as to whichever claims he intends to exhaust. Id. at 3, 4.

B.     Petitioner's Response (Dkt. No. 20)

On May 22, 2023, Attorney Gary Grass filed a notice of appearance on behalf of the plaintiff, dkt. no. 13, and two days later asked for an extension of time to respond to the respondent's motion, dkt. no. 14. Although Attorney Grass had served as appellate counsel for the petitioner, he asserted that he needed time to review the claims that the petitioner intended to raise in this proceeding. Id. at 1. The court granted three motions filed by the petitioner seeking additional time to respond to the respondent's motion for more definite statement. Dkt. Nos. 14, 16, 18. On June 20, 2023, the petitioner filed his response. Dkt. No. 20.

The petitioner frames the respondent's motion as challenging the pleading—the petition—and the motion to stay. Id. at 1, 2. To the extent that the respondent is asking for a more definite pleading, the petitioner argues that the motion is untimely because it should have been filed within twenty-one days of the February 14, 2023 date the petition was filed. Id. at 2. The petitioner suggests that in its April 26, 2023 order, the court could have extended the deadline for filing a motion for a more definite statement under Rule 6(b)(1)(A) or (b), but did not do so. Id. Without any authority, he suggests that "placeholder habeas petitions are common, and the court's construction of the Petitioner's motion was reasonable and foreseeable." Id. at 3. The petitioner next argues that the motion for a more definite statement is illogical: he believes the court should simply grant (or deny) the stay before addressing the deficiencies of the petition. Id. at 3. He admits that everyone agrees the petition

3

is incomplete but simultaneously suggests that the respondent's motion is unclear about the deficiencies in the petition. Id. at 5. It isn't until page 5 of the petitioner's opposition brief that the petitioner offers to "supply some further information," but he does so with the caveat that it is "not intended as a full account of what the Petitioner intends to plead in a completed version." Id.

> With respect to prosecutorial misconduct, the petitioner maintains that
>
> it is clear that one of his claims is that the prosecution acted improperly in having amended the charges against the Petitioner as a means of exploiting the conflict of interest that arose between the defendant and his counsel. After it was exposed that Petitioner and a co-defendant were represented by the same counsel despite antagonistic interests, the prosecution ratcheted up the charges and called the co-defendant to testify. The history facts in the record are enough for a factual basis for this claim.

Id. at 6. The petitioner concedes that trial counsel shares responsibility with the prosecution for the error. Id.

As to the new witnesses (whom he now identifies as Andrew Smith, Tonyalaya Randolph and Latravia Randolph), the petitioner says he "expected their testimony to have been submitted to the circuit court" and that his counsel failed to do this; the petitioner says he outlined this evidence to the Wisconsin Court of Appeals. Id. at 7. The petitioner claims that counsel never submitted the evidence of the witnesses' testimony, which exists in a video recorded by his investigator. Id. All three witnesses allegedly claim they were with the victim at the time of his death but no one interviewed them and they did not observe the petitioner. Id.

Perhaps the most remarkable aspect of the petitioner's opposition brief to the respondent's motion is his failure to address the Rhines factors. Id. at 8. In

4

fact, he says that he would not attempt a complete argument regarding Rhines because "[t]he Respondent has not directly opposed a stay, nor argued that the *Rhines* factors are not satisfied." Id. He even suggests that the court could rely on the absence of direct opposition in granting the stay. Id. The petitioner suggests that it "certainly would not behoove the courts to undertake detailed scrutiny of potential state claims at this stage." Id. at 9.

    C.    <u>Respondent's Reply</u> (Dkt. No. 22)

The respondent replies that the petitioner fails to cite the rule on which he relies for his proposition that the motion for a more definite statement is untimely when not filed in twenty-one days, but suggests that the petitioner may not understand how *habeas* cases proceed. Dkt. No. 22 at 1. The respondent explains that the court screens *habeas* petitions under Rule 4; the respondent does not answer until the court orders an answer. Id. The respondent argues that the date on which the petitioner filed his initial motion is irrelevant and that the respondent's motion is not untimely. Id. at 2.

As for the merits, the respondent says that neither he nor the court can assess whether a stay should be granted until the petitioner more fully pleads his claims because a court abuses its discretion in granting a stay where the claims the petitioner seeks to exhaust are clearly meritless. Id. (citing Rhines, 544 U.S. at 277). The respondent says that an assessment is not possible "based on the vague patchwork of allegations in the incomplete Petition." Id.

5

D. <u>Analysis</u>

When the court issued its April 26, 2023 order, the petitioner was not represented by counsel. While acknowledging that his filings were incomplete, the court attempted to expedite the proceedings by construing the petitioner's motion to file a petition as an incomplete petition and asking the respondent to file a response to the petitioner's motion for stay. Had the court known that the petitioner was retaining counsel, the court simply would have ordered the petitioner to file an amended petition. Since the date on which his attorney filed a notice of appearance, the petitioner has not asked to amend the petition even though he acknowledges that the petition "will require amendment at some point." Dkt. No. 20 at 4.

The court is flummoxed. The petitioner's arguments under Rule 12 suggest that the respondent's motion is untimely, illogical and deficient. Under Rule 4 of the Federal Rules Governing Section 2254 Cases, the court first screens a petition and, if appropriate, orders the respondent to file an answer. The court hasn't done that yet. To suggest that the respondent should have been (1) scanning the court's docket for new filings, (2) anticipating that the court would construe the petitioner's motion to file a *habeas* petition as a petition and (3) filing a motion for a more definite statement within days of the petitioner's February 14, 2023 petition defies logic. Nor does it make any sense to argue that the court should have anticipated that the respondent would need more time to file a motion for more definite statement when the court hadn't yet screened the petition, or for the petitioner to argue that the

6

respondent should be more clear about what the he thinks the petitioner is unclear about—everyone agrees that the petitioner's initial motion is incomplete.

The court had hoped the parties would take the opportunity to give it sufficient information for it to analyze any unexhausted claims under the Rhines factors. The respondent explained in his motion that he didn't know the identities of the "three actual eyewitnesses" to which the plaintiff referred or whether those were the three alleged witnesses on which the petitioner based his newly discovered evidence argument in the state courts, and that he doesn't know the petitioner's basis for arguing prosecutorial misconduct. Dkt. No. 12 at 2-3. The petitioner had the opportunity to explain the bases for his unexhausted claims, why they had merit and why he delayed in failing to exhaust them, but declined to provide "a complete argument." Dkt. No. 20 at 8. The petitioner even suggested that the court could simply grant the motion to stay because the respondent didn't file a direct opposition. Id.

The Supreme Court held in Rhines that a "stay and abeyance should be available only in limited circumstances." Rhines, 544 U.S. at 270. As previously explained, and as the parties seem to acknowledge, a district court should grant a stay only when "the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278.

So, the proceedings are no further along today than they were a year ago. The court will order the petitioner to file an amended petition using the Eastern District of Wisconsin's form. See Civil Local Rule 9(a) (E.D. Wis.). Although the court converted the petitioner's motion to file a *habeas* petition and stay to a petition, the resulting docket entry does not refer to the petitioner's motion for stay. Nevertheless, the petitioner's *pro se* motion is insufficient. The petitioner, through counsel, may file an amended motion to stay, describing his unexhausted claims and addressing the standard for a stay and abeyance under Rhines. The court will screen the amended petition under Rule 4 and address the motion to stay at the same time.

The court **GRANTS** the respondent's motion for more definite statement. Dkt. No. 11.

The court **ORDERS** the petitioner to file an amended §2254 petition for writ of *habeas corpus* by the end of the day on **March 1, 2024**. The petitioner must use this district's standard form (available on the Eastern District of Wisconsin website. wied.uscourts.gov/forms).

Because the motion to stay no longer appears on the docket and the initial motion was incomplete, the court **ORDERS** that by the end of the day on **March 1, 2024**, the petitioner must file an amended motion for a stay. The motion must identify the unexhausted claims, explain why they potentially have merit and show good cause for the petitioner's delay in exhausting them. The respondent may file a brief in opposition to an amended motion to stay within twenty-one days of the date it is filed.

The court **DENIES AS MOOT** the petitioner's motion to clarify the record and to stop AEDPA time frame. Dkt. No. 6. By construing the motion to file a *habeas* petition as a preliminary, incomplete *habeas* petition, the court stopped the running of the AEDPA clock as of the filing date.

The court **DIRECTS** the Clerk of Court to substitute Michael Meisner as the proper respondent.

Dated in Milwaukee, Wisconsin this 8th day of February, 2024.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**
