MAURICE D. STOKES,

       Petitioner,

                               Case No. 23-cv-206-pp

  v.

MICHAEL MEISNER,

       Respondent.

## ORDER CONVERTING ADMINISTRATIVE CLOSURE TO DISMISSAL WITH PREJUDICE UNDER CIVIL LOCAL RULE 41(C) (E.D. WIS.), DENYING AS MOOT RESPONDENT'S MOTION TO LIFT STAY (DKT. NO. 38) AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY

On April 26, 2023, the petitioner filed a "Motion to File §2254 Petition for Writ of Habeas Corpus and Stay to Exhaust Newly Discovered Evidence Claims." Dkt. No. 1. After a round of briefing and an amended *habeas* petition, the court granted the petitioner's motion to stay the case so he could exhaust his state court remedies and closed the case for administrative purposes. Dkt. No. 37. The court ordered that within thirty days of the conclusion of the petitioner's state court proceedings, he must file a motion to reopen. Id.

On December 5, 2025, the respondent filed a motion to lift the stay because the petitioner had taken no action to exhaust his state court remedies in the two and a half years since his first request. Dkt. No. 38. On May 19, 2026, the court issued an order requiring the petitioner to show cause why the court should not dismiss the case with prejudice for his lack of diligence under

1

Civil Local Rule 41(c) (E.D. Wis.). Dkt. No. 39. The court warned that if, by the end of the day on June 12, 2026, the petitioner did not file a brief showing good cause for his failure to diligently pursue exhaustion and this federal *habeas* petition, the court would dismiss the petition. Id.

The petitioner did not comply with the court's order and has not filed anything in the case since May 24, 2024—over two years ago. Dkt. No. 33. Based on his failure to diligently pursue his state court remedies and failure to pursue this federal *habeas* petition, the court will convert the administrative closure to a dismissal with prejudice. See Krivak v. Home Depot U.S.A., Inc., 2 F.4th 601, 606 (7th Cir. 2021) ("A litigant's willful failure to prosecute a lawsuit can justify punitive dismissal with prejudice."). With the dismissal, the court will deny as moot the respondent's motion to lift the stay. Dkt. No. 38.

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. § 2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists would not debate the court's ruling.

2

The court **ORDERS** that the administrative closure in this case is

**CONVERTED** to a **DISMISSAL WITH PRJEUDICE** under Civil L.R. 41(c) for

lack of diligence and **DIRECTS** the clerk's office to update the docket. The clerk

will enter judgment accordingly.

The court **DENIES AS MOOT** the respondent's motion to lift stay. Dkt.

No. 38.

The court **DECLINES** to issue a certificate of appealability.

Dated in Milwaukee, Wisconsin this 8th day of July, 2026.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3